## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

RONDA PUTRIC,                         :          Civ. No. 3:23-CV-994

        Plaintiff,               :

   v.                                  :          (JUDGE MANNION)

MARTIN O'MALLEY,                      :          **FILED**
Commissioner of Social                           **SCRANTON**
Security[1]                           :
                                                 OCT 2 1 2024
       Defendant.               :
                                                 Per_____ _JKC_
                                                 DEPUTY CLERK

### MEMORANDUM

Ronda Putric filed this action seeking review of a decision by the Commissioner of Social Security ("Commissioner") denying Putric's claim for social security disability benefits. (Doc. 1). On September 26, 2024, Magistrate Judge Carlson issued a thorough Report and Recommendation (the "Report") (Doc. 25) recommending that this Court vacate the Commissioner's decision and remand this matter for further consideration by the Commissioner. On October 9, 2024, the Commissioner filed objections to the Report. (Doc. 26).

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. §405(g), Martin O'Malley is substituted for Kilolo Kijakazi as the defendant in this suit.

## I.    Legal Standard

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F. 3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (*citing United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II.    Background

Since the Report correctly states the procedural and factual background of this case, (Doc. 25, pp. 1-15), it will not be repeated herein. In short, Ronda Putric seeks judicial review of the Commissioner's final decision finding that she was not entitled to disability benefits. After Putric's hearing before an administrative law judge ("ALJ") on March 8, 2023, the ALJ gave great credence to the cursory testimony of Dr. Nitin Dhiman, a non-treating, non-examining physician who, purportedly, reviewed Putric's medical documents and opined that that the medical record affirmatively demonstrated that Putric could meet the physical demands of the workplace. Dr. Dhiman's opinion was highly suspect given that the medical record overwhelmingly supported a finding that Putric was suffering, among other things, from debilitating chronic migraines that were often disabling. Putric described the frequency and severity of these migraines, which in combination with her orthopedic impairments, were confirmed and corroborated by every medical source who saw and treated her. Yet, Dr. Dhiman – the testifying non-treating, non-examining physician – only conceded to the debilitating effects of Putric's migraines during cross-

examination.[2]  Specifically, Dr. Dhiman allowed that Putric would "probably" not be able to work while experiencing a migraine episode but opined that it would only result in her missing one day of work per month. (Doc. 25, p. 9; Tr. 45). On this score, there is absolutely no indication how Dr. Dhiman arrived at this conclusion nor does this opinion reconcile with the actual clinical record, which described Putric as suffering from one to two migraines each week and experiencing eight to ten migraine episodes each month. (Id., pp. 9-10; Id. 1086-87).

The ALJ issued a decision denying Putric's claim because, at Step 3 and 4 of the sequential analysis that governs Social Security cases, the ALJ determined that Putric did not have an impairment or combination of impairments that met or medically equaled the severity of one of the disability listing impairments, and concluded that she could return to her past relevant work as a shipping supervisor. (Doc. 25, pp. 10-11; Tr. 16-17, 22-25). In reaching this determination, the ALJ was required to evaluate the severity of all of Putric's symptoms in combination, including her migraines. However, a review of the decision discloses inadequacies, inconsistencies, inaccuracies, and omissions, particularly as it relates to the assessment of the severity of

---

[2] During direct testimony, Dr. Dhiman failed to even identify Putric's chronic migraines as a severe impairment, only listing her orthopedic impairments as significant medical concerns. (Doc 25, p. 9; Tr. 42-43).

Putric's migraines and the impact of those migraines on her ability to meet the physical demands of the workplace. The Report has thoroughly reviewed and highlighted all the issues found in the ALJ's decision, along with the relevant legal precedent. Commissioner objected to such Report on the grounds that Judge Carlson allegedly failed to apply an applicable regulation and adhere to the applicable standard of review. This Court disagrees.

## III.  Discussion

First, Commissioner cites to 20 C.F.R. §404.1520b(c)(3)(i) to contend that, in his determination, the ALJ need "*not provide any analysis*" about how he considered Putric's pain management specialist statement "recommend[ing] *total disability* based on [Putric's] back pain, lumbar radicular symptoms, psychiatric disease and her chronic migraine headache." (Doc. 26, p. 2) (italics in original). Commissioner argues that such a statement does not "qualify as a 'medical opinion' that triggers the need for specific discussion." (*Id.*) Rather, only a statement that "offer[s] a functional assessment—that is, 'what [the claimant] can still do despite [her] impairments and whether [she] ha[s] one or more impairment-related limitation restrictions' in work-related abilities" may be discussed. (*Id.*, citing 20 C.F.R. §404.1513(a)(2)).   If the specialist's conclusory assessment regarding Putric's "total disability," by itself, was the only evidence Judge

Carlson relied upon in his assessment of the ALJ's determination, the Court would have to agree to Commissioner's argument. Alas, that is not the case. Commissioner appears to have selected a single sentence from an otherwise thorough analysis, robbed it of context and sought to challenge it in the hope it would somehow rebut the analysis as a whole. Unfortunately, that argument will not do.

Judge Carlson references Putric's pain management specialist's statement as one of multiple statements and findings in Putric's medical record establishing her migraine symptoms that the ALJ failed to adequately evaluate in his determination. Indeed, Judge Carlson, in great detail, deconstructed the ALJ's final determination to show how, among other things, it understated the reported severity and frequency of Putric's migraines, failed to account for the medical record, which was replete with qualifying "medical opinions" pursuant to 20 C.F.R. §404.1513(a)(2), and gave an unwarranted amount of confidence in the cursory testimony of a non-treating, non-examining physician who only conceded to the severity of Putric's migraine but prevaricated about its frequency. Accordingly, this objection is without merit.

Second, Commissioner argues that the ALJ's assessment was adequate and should be afforded the applicable deferential "substantial

evidence" standard of review. (Doc. 26, p. 3). Commissioner is correct as to the applicable legal standard but wrongly appraises the ALJ's assessment as meeting that standard.

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000), which is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *See, e.g., Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Bearing that in mind, a court must be wary of treating the determination of substantial evidence as a "self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). This Court must set aside the Commissioner's decision if it did not take into account the entire record or failed to resolve an evidentiary conflict. *Gober v. Matthews*, 573 F.2d 772, 776 (3d Cir. 1978).

Here, the Commissioner argues that the ALJ's discussion "passes muster" because he "*recognized* that [Putric] alleged disability, *in part*, due to headaches with light sensitivity;" "*recognized* [Putric's] treatment for headaches;" and reasonably relied on Dr. Dhiman's opinion because he was "the *only doctor* to provide a medical opinion with respect to [Putric's] headache-related functional limitations." (Doc. 26, pp. 7-8) (emphasis

added). But Commissioner appears to have missed Judge Carlson's point that it is such cursory recognitions and excessive reliance on the opinion of an expert by virtue of title alone, and not his review of the medical record, that make part of the gravamen of an inadequate assessment. As, Judge Carlson wrote, "more is needed here in terms of symptom evaluation." (Doc. 25, p. 31). Evidence is not substantial if "it really constitutes not evidence but mere conclusion," or if the ALJ "ignores, or fails to resolve a conflict created by countervailing evidence" as he has done so here. *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114). Accordingly, this objection is overruled.

## IV.    Conclusion

Based on the foregoing the Report and Recommendation of Judge Carlson, (Doc. 25) will be **ADOPTED IN ITS ENTIRETY**. Commissioner's objections, (Doc. 26), will be **OVERRULED**. This case will be **REMANDED** to the Commissioner for further consideration. An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 21, 2024**
23-994-01

- 8 -